USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: June 1, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

IN RE CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED SECURITIES LITIGATION,

---------------------------------------------------------X

CONSOLIDATED AS 10-CV-4577 (KBF)

MEMORANDUM DECISION & ORDER

KATHERINE B. FORREST, District Judge:

Before this court is a motion for default judgment filed on February 8, 2016 by plaintiff Acticon, A.G. ("Acticon") as an individual plaintiff and a motion to certify a class pursuant to Fed. R. Civ. P. 23 filed on May 11, 2016. For the reasons stated below, the motion for default judgment is GRANTED and the motion for class certification is DENIED as MOOT.

I. PROCEDURAL HISTORY

Three securities class action suits were filed against defendant China North East Petroleum Holdings, Ltd. ("CNEP") in 2010:

- Rosado v. China North East Petroleum Holdings, Ltd. (10 Civ. 4577), filed June 11, 2010.
- Weissman v. China North East Petroleum Holdings, Ltd. (10 Civ. 4775), filed June 18, 2010.
- Moore v. China North East Petroleum Holdings, Ltd. (10 Civ. 5263), filed July 9, 2010.

On November 17, 2010, the Hon. Miriam Cedarbaum, before whom these actions were then assigned, consolidated the three actions and appointed Acticon as lead plaintiff. (ECF No. 37.) Acticon filed a first amended consolidated class

complaint on January 11, 2011. (ECF No. 39.) After two rounds of motions to dismiss, the Second Circuit's affirmed dismissal of claims against all defendants and reversed dismissal against defendants Wang Hong Jun ("Wang"), Ju Guizhi ("Ju"), and corporate defendant CNEP. (ECF No. 167).

The case was transferred to the undersigned on November 13, 2015. Acticon filed a Second Amended Complaint on December 15, 2015. Acticon alleges violations of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) and SEC Rule 10-b5, 17 C.F.R. § 240.10b-5. To date, defendants have not answered or otherwise responded to the Second Amended Complaint.[1]

Acticon obtained a certificate of default from the Clerk of Court on February 11, 2016, (ECF No. 185.) It filed an application for default judgment on February 8, 2016. (ECF No. 184.) On April 19, 2016, this Court issued an Order directing defendants to Show Cause why default judgment should not be entered against them on May 11, 2016. (ECF No. 186.) The Court also directed plaintiffs to provide "any and all additional documentation in support of their request for damages, interest, and attorneys' fees, if applicable, prior to the Show Cause hearing. This shall be plaintiffs' final opportunity to provide support for such claims." (Id.)

---

[1] On November 24, 2015, the Court granted defense counsel Murphy, Pearson, Bradley & Feeney's motion to withdraw as counsel for remaining defendants ("defendants"). (ECF No. 174.) On November 30, 2015, the Court ordered that CNEP must retain counsel prior to the next status conference in this action or risk default. (ECF No. 177.) The Court held a status conference on February 4, 2016, at 1:00 p.m. Plaintiff's counsel appeared; defendants failed to appear. The Court notes that defendants' conduct—or lack thereof—in this case is markedly different from that in Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001), where, although corporate defendant was in default after counsel withdrew, it was "in constant contact with the district court" and making "repeated efforts to inform the court of their difficulties in finding new counsel."

Ninety minutes before the Show-Cause hearing commenced, plaintiffs submitted a new motion for default judgment and a motion for class certification, seeking class damages of approximately $32.9 million, attorneys' fees totaling 25% of recovered damages, and expenses of $171,908.09.[2] (ECF No. 189, 190.)

Despite being served with the Court's Show-Cause Order and the supporting materials, including the Second Amended Complaint and summons, (see ECF Nos. 182, 184 Ex. B.), the defendants failed to appear at the hearing, and as aforementioned, has not otherwise sought to defend themselves following the Second Amended Complaint.

## II. DEFAULT JUDGMENT

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a court must follow a two-step process before entering a default judgment. First, under Rule 55(a), the clerk of court enters default when a party fails to "plead or otherwise defend" itself. See Fed. R. Civ. P. 55(a). Second, under Rule 55(b), the party seeking default judgment may make an application to the Court for the entry of default judgment. See Fed. R. Civ. P. 55(b).

Acticon has complied with the two-step process by obtaining a Clerk's Certificate on February 11, 2016, (ECF No. 185), and filing an application for the entry of default judgment, (ECF No. 184).

In deciding whether default should enter, the Court must next determine that the moving party has adequately pleaded the elements of the cause of action

[2] All citations are to plaintiff's revised motion papers, submitted later on the same day.

for which it seeks a default. See, e.g., Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) ("A district court retains discretion under Federal Rule of Civil Procedure 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." (internal citations, quotation marks, and alterations omitted)).

In this action, Acticon has asserted the following claims: 1) against all defendants, violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5; and 2) against individual defendants, violations of Section 20(a) of the Exchange Act.

In order to state a claim under Section 10(b) and Rule 10b-5, a plaintiff must sufficiently allege

> (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.

Pac. Inv. Mgmt. Co. LLC v. Mayer Brown LLP, 603 F.3d 144, 151 (2d Cir. 2010) (internal citations omitted). The Second Circuit has already held that Acticon's allegations were sufficient to support the scienter elements of the Section 10(b) and Rule 10b(5) claim as to Wang and CNEP. Acticon AG v. China N. E. Petroleum Holdings Ltd., 615 F. App'x 44, 45 (2d Cir. 2015). However, it also affirmed the dismissal of these claims against Ju. Id. ("Although Ju was also allegedly responsible for the unauthorized transfers, there is no allegation that she reviewed or signed any of the allegedly false SEC filings, and thus no basis to conclude that she made a material misrepresentation."). Therefore, the Section 10b and Rule 10b-

5 claims against Ju under the Second Amended Complaint are DISMISSED as the amendment was not consistent with the Second Circuit's opinion.

The Second Amended Complaint also asserts Section 20(a) claims against Wang and Ju. To establish a Section 20(a) claim for control person liability, "a plaintiff must show (1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 108 (2d Cir. 2007). The Second Circuit had already held that both individuals may be held liable as a controlling person under Section 20(a). Acticon, 615 F. App'x at 45.

Consistent with the holdings of the Second Circuit, this Court finds that Acticon has sufficiently pled a cause of action under Section 10(b) and Rule 10b-5 against Wang and CNEP, and under Section 20(a) against Wang and Ju. Because all three defendants have defaulted, this Court accordingly enters a default liability judgment against defendants Wang, Ju, and CNEP.

III. DAMAGES

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). "There must be an evidentiary basis for the damages sought." Id. (citation omitted). While courts often conduct an inquest hearing to determine the damages owed, such hearing is not mandatory. Id. (explaining that "'Rule 55(b)(2) and

relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages" (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

In its Show-Cause Order dated April 19, 2016, the Court directed plaintiffs to provide "any and all additional documentation in support of their request for damages, interest, and attorneys' fees, if applicable, prior to the Show Cause hearing. This shall be plaintiffs' final opportunity to provide support for such claims." (ECF No. 186.) Plaintiff, however, did not submit any materials as to damages sustained by lead plaintiff Acticon. Instead, it moved to certify a class and only provided submissions on class damages, fees, and costs. As discussed below, the Court will not entertain a belated class certification motion.

The Court is left with nothing in the record that would support any reasonable inference as to damages for Acticon. The Court is therefore unable to assess any damages for Acticon. Nor is a belated request for submission of materials regarding individual damages appropriate. Plaintiff could have provided this information pursuant to the Court's April 19th Order, but did not.[3]

## IV. CLASS CERTIFICATION MOTION

Lead plaintiff Acticon moved for default judgment on February 8, 2016, before any class had been certified and before any class certification motion had been made pursuant to the Second Amended Complaint. (ECF No. 184.) The Court issued a Show-Cause order—again, while there was no pending class certification

[3] In fact, plaintiff appeared to proactively take the position that no inquest is necessary. (See Decl. of Tamar Weinrib, ECF No. 191, ¶ 18.)

motion. (ECF No. 186.) Ninety minutes before the Show-Cause hearing as to the individual plaintiff's default motion, Acticon filed a motion for class certification seeking $32.9 million in class damages. This motion comes too late.

In a default judgment action, class certification cannot be implicitly established by waiver. See Partington v. Am. Int'l. Specialty Lines Ins. Co., 443 F.3d 334, 341 (4th Cir. 2006); Davis v. Hutchins, 321 F.3d 641 (7th Cir. 2003). The Court also declines to entertain Acticon's eleventh-hour motion for class certification because the default judgment has already been granted to the individual plaintiff. A default judgment obtained by an individual plaintiff cannot transfer to a later-certified class. See, e.g., Hosking v. New World Mortgage, Inc., No. 07-CV-2200 MKB, 2013 WL 5132983, at *7 (E.D.N.Y. Sept. 12, 2013), aff'd, 570 F. App'x 28 (2d Cir. 2014) (holding that where defaults were entered against certain defendants before class certification, those defaults do not apply to later-added plaintiffs who have certified a class against remaining defendants.); Williams v. Goldman & Steinberg, Inc., No. 03 Civ. 2132 DGT, 2006 WL 2053715, at *8 (E.D.N.Y. Jul. 21, 2006).

The Court has no idea why plaintiff would wait until just before the show-cause hearing to move for class certification, but this move was an unforced error. Plaintiff could have moved for class certification at any time after filing its Second Amended Complaint, allowed the time for opposition to elapse and for the Court to adjudicate that motion as unopposed, and then filed for default judgment on a certified class. Plaintiff could have also moved to hold the default judgment motion

in abeyance while it pursued its class certification motion. Plaintiff's failure to file a timely motion for class certification also poses potential prejudice to defendants, who might rationally choose to default on an individual claim but who might not have defaulted on a certified class action. Defendants only had notice of a default as to Acticon. They defaulted on that individual action, not on a certified class action.

Because the default was obtained by Acticon as an individual plaintiff, the belated motion for class certification is hereby DENIED as MOOT.

V. CONCLUSION

For the reasons stated above, the Section 10(b) and Rule 10b-5 claims against Ju under the Second Amended Complaint are DISMISSED. Plaintiff's motion for default judgment is GRANTED as to liability only (consistent with the above) and DENIED as to damages. The motion for class certification is DENIED as MOOT.

The Clerk of Court is directed to terminate the motions at ECF Nos. 187 & 190 and to terminate all three related actions.

SO ORDERED

Dated: New York, New York
June 1, 2016

KATHERINE B. FORREST
United States District Judge